**Xu–Da DONG, Petitioner,**

v.

**UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, Respondent.**

**No. 05–4404–ag.**

United States Court of Appeals, Second Circuit.

June 24, 2009.

Jan Potemkin, New York, NY, for Petitioner.

Lev. L. Dassin, Acting United States Attorney for the Southern District of New York, Sue Chen, Special Assistant United States Attorney, David S. Jones, Assistant United States Attorney, United States Attorney's Office, Southern District of New York, New York, NY, for Respondent.

Present: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Xu–Da Dong, a native and citizen of the People's Republic of China, seeks review of an August 5, 2005 order of the BIA affirming the July 15, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xu–Da Dong*, No. A73 227 169 (B.I.A. Aug. 5, 2005), *aff'g* No. A73 227 169 (Immig. Ct. N.Y. City July 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to

undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, we need not address the agency's pretermission of Dong's asylum application because we agree with its alternate finding that Dong failed to establish his eligibility for asylum, withholding of removal, or CAT relief even if his application was timely.

Dong asserts that he suffered past persecution based on his wife's IUD insertion and having paid fines for violating China's family planning policy. However, Dong cannot, without more, establish eligibility for relief by virtue of harm his wife endured. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir.2007); *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007). Further, although a severe economic disadvantage may rise to the level of persecution, the IJ properly found that Dong failed to demonstrate that the fines he and his wife paid were sufficiently severe as to constitute persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (denying asylum where there was no evidence regarding the applicant's income in China, his net worth, or any other facts that would make it possible for the Court to evaluate his personal financial circumstances in relation to fines imposed for violation of family planning policies).

While Dong also argues that he reasonably fears he will be forcibly sterilized if he returns to China, the documents he presented do not describe the treatment in China of male Chinese citizens who have violated the family planning policy. Absent such evidence, we will not disturb the agency's determination that Dong failed to prove a well-founded fear of persecution on account of fathering two children. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (holding that an appli-

cant's well-founded fear claim was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162, 160 n. 20 (2d Cir.2008).

Because Dong was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief on this basis where those claims rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.